**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JIMMY NIXON,**
Reg. #12863-116                                                                               **PLAINTIFF**

**V.**                         **CASE NO. 2:18-CV-120-DPM-BD**

**A. RENDON,** *et al*.                                                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, the parties may waive their right to appeal questions of fact.

**II.   Discussion:**

A.  Background

Jimmy Nixon, a federal inmate formerly incarcerated at the Federal Correctional Complex in Forrest City, Arkansas, ("FCC-FC"), filed this lawsuit without the help of a lawyer claiming that Defendants Rendon, Boulware, Maruka, Tansy, Hawkins, and Benson violated his constitutional rights while he was a federal inmate.

Defendants have now moved for summary judgment on Mr. Nixon's claims against them, arguing that he failed to exhaust his administrative remedies before filing this lawsuit. (#46) Mr. Nixon has now responded to the Defendants' motion and the Defendants have replied. (#54, #55) The motion is ripe for review.

B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But, the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements vary from prison to prison because each prison determines its own system for addressing inmate grievances, including requirements for

exhausting those administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91.

In support of their motion, Defendants attach the declaration of Andrea Brooks-Smith, the Associate Warden's Secretary at FCC-FC. (#47-1) As part of her duties, Ms. Brooks-Smith is responsible for responding to inmates' Administrative Remedy Requests. (*Id*. at p.2) Ms. Brooks-Smith explains that all inmate requests and appeals are electronically stored in a computer-based information system known as SENTRY. (*Id*. at p.3)

According to Ms. Brooks-Smith, during Mr. Nixon's most recent incarceration in the Bureau of Prisons ("BOP"), he filed eight Administrative Remedy Requests or Appeals. (*Id*. at pp.4-5) Mr. Nixon filed only two Administrative Remedy Requests, however, prior to filing this lawsuit: Administrative Remedy Request 948695-F1 and Administrative Remedy Request 948695-R1. Because federal law requires inmates to fully exhaust a prison's administrative remedies *before* filing a civil lawsuit, the Court will not address the claims raised in the Administrative Remedy Requests Mr. Nixon submitted after filing this lawsuit.

In Administrative Remedy Request 948695-F1, Mr. Nixon sought "informal resolution" of an Incident Report. (#47-1 at pp.5, 40) On August 1, 2018, the Institution rejected that Request because Mr. Nixon failed to obtain an "Informal Resolution" before filing his Administrative Remedy Request. (*Id.*) After the Institution notified Mr. Nixon that he would have to refile his Request with the appropriate Information Resolution

3

form, he appealed his Request to the South Central Region rather than refiling his Request. (*Id.* at p.5)

On August 13, 2018, the South Central Region rejected Mr. Nixon's appeal of Request 948695-F1 (identified as 948695-R1) based on his failure to file his request at the correct level. (*Id.* at pp.5, 40)

Mr. Nixon then appealed the Administrative Remedy Request again, this time to the South Central Region (identified as 948695-R2). (*Id.* at pp.5-6) On August 23, 2018, the South Central Region rejected Request 948695-R2—again, because Mr. Nixon had not filed his Request at the proper level. (*Id.* at pp.5-6, 41)

In his response to the Defendants' motion, Mr. Nixon argues that he was unable to exhaust his administrative remedies because "Defendant Amy Bou[l]ware failed to process Administrative Remedies applications delivered to her custody by plaintiff Nixon." (#54 at p.5) He further alleges that "defendants then tampered with the records and files to make it look as though plaintiff did not file any remedies." (*Id.* at p.7) Mr. Nixon does not offer specific facts to support these conclusory allegations; nor does he present any evidence to support his statements.

In their reply to Mr. Nixon's response to the motion for summary judgment, Defendants attach Defendant Boulware's declaration. (#55-1) Defendant Boulware denies that she has "ever refused to accept an Administrative Remedy Request, Information Resolution Attempt, or Inmate Request to Staff from Inmate Nixon" and states that she has processed Mr. Nixon's Administrative Remedy Requests "in accordance with BOP policy." (*Id.* at p.1)

Mr. Nixon's grievance records indicate that, while he did not always comply with the prison's administrative remedy process, he did have access to the prison's administrative procedure during his incarceration. (#47-1 at pp.37-38)

Other than Mr. Nixon's self-serving affidavit, there is no evidence to show that Mr. Nixon fully exhausted his administrative remedies or that prison officials prevented him from fully exhausting. *See Aunforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010) (self-serving allegations and denials are insufficient to create a genuine issue of material fact); *Conolly v. Clark*, 457 F .3d 872, 876 (8th Cir. 2006) ("a properly supported motion for summary judgment is not defeated by self-serving affidavits"); and *LaCroix v. Sears, Roebuck & Co.*, 240 F.3d 688, 691 (8th Cir. 2001) (a properly supported motion for summary judgment is not defeated by conclusory statements in an affidavit).

Based on this record, there is no genuine dispute about the lack of exhaustion; and there is no admissible evidence that prison officials impeded Mr. Nixson's access to the administrative process.

### III. Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#46) be GRANTED. Mr. Nixon's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED, this 9th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE